# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ALISON BLACKMON                                                                  PLAINTIFF

V.                                                       CIVIL ACTION NO.: 4:08CV25-SA-DAS

WAL-MART STORES, INC.                                                           DEFENDANT

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

Presently before the Court is Defendant's Motion to Strike [50] and Motion for Summary Judgment [36]. After careful consideration, the Court specifically finds as follows:

### I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff Angela Blackmon began working with Defendant Wal-Mart in 1990. At all times relevant to her Complaint, Plaintiff was forty-eight years old. On April 19, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging she was passed over for two promotions earlier in the year because of her age and gender. Although Plaintiff's Complaint does not allege retaliatory discharge, Plaintiff filed a second Charge with the EEOC on May 31, 2007, alleging her termination[1] was discriminatory because of her age and gender and in retaliation for filing the first Charge in April.

On November 30, 2007, the EEOC dismissed both Charges and issued right to sue letters. Plaintiff then filed her Complaint on March 3, 2008, alleging she was denied two promotions because of her age and gender in violation of Title VII, the Age Discrimination in Employment Act (ADEA), and the Fourth and Fifth Amendments of the United States and Mississippi Constitutions.

---

[1] The Court will spare the details surrounding Plaintiff's termination as they are not relevant to her failure to promote claims.

1

Specifically, Plaintiff alleged she was denied two promotions: Tire Lube Express Support Manager (TLE Support Manager) and the Management Trainee Program. Plantiff contends that younger, less-experienced males were hired to fill both positions.

Defendant moves for summary judgment on all claims. Defendant further moves to strike an affidavit attached to Plaintiff's brief in opposition to summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1983 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morrison v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). But the nonmovant must "do more than simply show that there is metaphysical doubt as to

the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. 2505. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(E).

## III. ANALYSIS

A.  Motion to Strike Affidavit

Defendant moves to strike the affidavit of Antonio Barnes dated June 23, 2009, arguing that the affidavit contain arguments, statements, assumptions, and subjective conclusions that are inconsistent with Federal Rule of Civil Procedure 56.

Rule 56(e)(1) mandates that affidavits attached to summary judgment motions be made on the affiant's personal knowledge, setting out facts that would be admissible in evidence, and showing that the affiant is competent to testify to the matters stated.

The Court has examined all exhibits attached to the motions and responses, including the affidavit at issue. The portions of the affidavit that are based on speculation, argument, hearsay, and without personal knowledge have been disregarded by the Court in ruling on the Motion for Summary Judgment. Accordingly, Defendant's Motion to Strike Affidavit Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment is denied.

B.  Motion for Summary Judgment

Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Likewise, the ADEA makes it "unlawful for an employer . . . to . . . discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). ADEA coverage extends to "[i]ndividuals at least 40 years of age." Id. A plaintiff can prove a claim for intentional discrimination through direct or circumstantial evidence. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 1996). "Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." Id. This method of analysis is utilized for both Title VII and ADEA claims. See id.; Faruki v. Parsons S.I.P., Inc., 123 F.3d 315, 318 (5th Cir. 1997).

Under the first step in this burden shifting analysis, the plaintiff must establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. 1817. If the plaintiff is successful in making out her prima facie case, the burden of production shifts to the defendant to articulate – but not prove – a legitimate, nondiscriminatory reason for its employment decision. Id., 93 S. Ct. 1817. "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed, 2d 105 (2000) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)). If defendant satisfies its burden, the final step requires the plaintiff to demonstrate evidence sufficient for a jury to conclude that the non-discriminatory reasons given for the adverse action are pretext for discrimination. Hicks, 590 U.S. at 507, 113 S. Ct. 2742. "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all time with the plaintiff.'" Reeves, 530 U.S. at 143, 120 S. Ct. 2097

4

(quoting <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

1.      Age and Gender Discrimination

The Court analyzes Plaintiff's race and age discrimination claims together as they rely on the same factual basis. To establish a prima facie case for age and gender discrimination (failure to promote), the plaintiff must show that: (1) [s]he belongs to the protected class, (2) [s]he applied to and was qualified for the position for which applicants were being sought, (3) [s]he was rejected, and (4) another applicant not belonging to the protected class was hired." <u>Medina v. Ramsey Steel Co., Inc.</u>, 238 F.3d 674, 680-681 (5th Cir. 2001).

<u>Tire Lube Express Support Manager</u>

Plaintiff is a female and was forty-eight years old at the time she alleges she was wrongfully denied promotion to TLE Support Manager. The Court, therefore, finds that Plaintiff is a member of the protected class for her age and gender discrimination claims. Defendant contends that Plaintiff is unable to prove the second or third elements of her prima facie case as to the TLE Support Management position. Defendant asserts that Plaintiff never applied for and therefore could not have been rejected for the position that ultimately was awarded to Antonio Barnes.

Defendant, in support of its summary judgment motion, attached the affidavit of Odessa Sumlin, Manager of Wal-Mart in Greenwood, Mississippi. Sumlin explained that Wal-Mart utilizes a Career Preference System that enables Associates to indicate their interest in positions throughout the store before the position actually becomes available. According to Sumlin, this system removes the need for Associates to race to get their name on a list of applicants once a position is posted, and also allows the Associates to indicate all positions for which they desire to be considered whenever

the position becomes available in the future. The names of qualified Associates automatically are added to the pool of applicants when the desired positions become available. Associates, however, are not permitted to add their names to the applicant list once the requisition for the position has been submitted.

Defendant submits that the TLE Support Manager position at issue was requisitioned on December 18, 2006. The names of the seven Associates, whose Career Preferences included TLE Support Manager and who were otherwise qualified for the position, automatically were added to the pool of applicants. On December 24, 2006, Kenneth Black, TLE Department Manager, submitted a request to offer the position to Antonio Barnes after interviewing Pam Dickey (Female/Age 40+), Kimberly May (Female/Age 35), and Barnes (Male/Age 25). Defendant contends Blackmon's name was not included in the applicant pool because she added TLE Support Manager to her list of career preferences on December 26, 2006, after the requisition had been submitted, the applicant list generated, interviews conducted, and the offer extended. According to Defendant, Plaintiff's name was excluded from the applicant pool not due to any age or gender discrimination by Defendant, but rather, as a result of her failure to indicate an interest in the position prior to the requisition being submitted.

Plaintiff responds that Defendant's contention she was not offered the TLE Support Manager position because she did not apply for the position is questionable for a number of reasons. Plaintiff first states that she in fact did apply for the TLE Support Manager position. Plaintiff contends that she "applied" for the position after seeing a notice posted on a community board outside of the personnel office. Plaintiff states that she signed her name on a piece of paper outside the personnel office. Plaintiff does not provide the Court with a specific date or even a general time period in

which this notice was posted and she signed her name. Further, Plaintiff acknowledged in her deposition that Wal-Mart utilized the Career Preference System in December, 2006.

Plaintiff also states that she spoke with Odessa Sumlin and Kenneth Black about her interest in the TLE Support Manager position, but does not indicate when the conversation took place. According to Plaintiff, Sumlin inquired if she noted her interest in the position through the online Career Preference System, and Plaintiff stated that she had. The Court deduces that Plaintiff must have spoken with Black and Sumlin on or after December 26, 2006, if Plaintiff already had indicated her interest in the TLE Support Manager position online.

Plaintiff asserts that the position was offered to Antonio Barnes on December 24, 2006, but was not accepted by Barnes until January 22, 2007. This one month lapse in time according to Plaintiff lends credence to Barnes' statement that the position was held for him. Plaintiff further argues that if Barnes did not accept the job until January 22, 2007, the position was still available when Blackmon applied.

The Court is unpersuaded by Plaintiff's arguments. Sumlin stated in her affidavit that Associates are not permitted to add their names to the applicant list once the requisition for the position has been submitted. The TLE Support Manager position was requisitioned on December 18, 2006, and Plaintiff did not indicate her interest in the position until December 26, 2006, after the requisition had been submitted. It is of no moment that there was a one month lapse between Defendant offering Barnes the position and his acceptance. For summary judgment purposes, the Court views all of the above facts in the light most favorable to Plaintiff and accepts them as true; however, even when the Court makes this assumption, it is forced to conclude that Defendant's actions were not a result of age or gender discrimination, but rather, Plaintiff's failure to indicate her

7

interest in the TLE Support Manager position before the requisition was submitted. The Court finds that Plaintiff is unable to meet her prima facie case of age and gender discrimination. Accordingly, Defendant is entitled to summary judgment on Plaintiff's age and gender discrimination claims as to the TLE Support Manager position.

Management Trainee Program

Plaintiff testified that in March 2007, she applied and interviewed for a Management Trainee Program. Plaintiff avers she was not selected for the Management Trainee Program as a result of Defendant's age and gender discrimination, and that a younger, less-experienced male, Fred Guess (Age 29) was promoted instead. Plaintiff has presented evidence sufficient to establish each prong of her prima facie case of age and gender discrimination. Plaintiff is within the protected class, she was qualified for the program, she sought acceptance into the Management Trainee Program, and Defendant rejected her. Thus, Defendant has the burden to articulate a legitimate explanation for its promotion decision with respect to Plaintiff.

Defendant's burden of production is very light and if the employer has produced any evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," then the employer has satisfied its burden. Hicks, 509 U.S. at 509, 113 S. Ct. 2742. Defendant contends Plaintiff was not chosen for the Management Trainee Program because the applicants actually selected for the program possessed superior leadership skills, interview scores, and overall qualifications for the position. Taken as true, this constitutes a legitimate, non-discriminatory reason for Defendant's decision not to promote Plaintiff. See Price v. Fed. Express Corp., 283 F.3d 715, 721 n. 2 (5th Cir. 2002).

Sandra Walker (Female/Age 45), former Market Human Resource Manager for Wal-Mart

8

Stores East, L.P., interviewed applicants for the Management Trainee Program around March 2007. Her affidavit explains that each applicant interviewed was asked the same questions, although follow-up questions were specific to the applicant, based on responses given. Walker and Sam Conley (Market Electronics–Male/Age 48) interviewed Plaintiff and concluded her responses to the interview questions "lacked substance, were not responsive and were inconsistent with her extensive experience with Wal-Mart."

Although Plaintiff only identifies Fred Guess as being selected for the program, there were in fact others. Based on the interviews, eight individuals were selected to participate in the Management Trainee Program. Walker was involved in the final decision to hire/promote the following applicants: Ruby Johnson (Female/Age 40+), Jason Swanner (Male/Age 32), Cassandra Bland (Female/Age 32), Derrick Conrad (Male/Age 39), Fred Guess (Male/29), Sharva Harris (Female/Age 32), Michael Griggs (Male/Age 40+), and Yolanda Bobo (Female/Age 27). Defendant notes that five of the Associates promoted were within one or more of the protected groups at issue, i.e., female or over forty years old. Defendant argues that Plaintiff's claims further are undermined by the fact both decision makers were over the age of forty.

Plaintiff can still escape summary judgment by demonstrating that the reasons advanced by Defendant are pretextual. In order to raise a factual issue as to pretext, Plaintiff must present evidence establishing that not only were the enunciated reasons for the failure to promote false, but also that they operated as a pretext for discriminatory animus. The Fifth Circuit instructs as follows:

> [A] jury issue will be presented and a plaintiff can avoid summary judgment . . . if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age [or gender] was a determinative factor in the actions of which plaintiff complains. The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the

9

actual reason for the discharge was discriminatory.

Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996) (citing Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 995 (5th Cir. 1996)(en banc)).

Plaintiff has failed to present sufficient evidence to cast doubt upon Defendant's proffered reason for its promotion decision, or to allow an inference that Defendant's decision was actually motivated by discriminatory animus. In response to Defendant's assertion that there were eight Associates selected for the program, five of which were within one or more of the protected groups at issue, Plaintiff merely states that Fred Guess, who is not a member of either protected group, was the only Associate selected from the Greenwood, Mississippi store. Plaintiff has failed to provide any evidence that Defendant's proffered non-discriminatory reason was false or pretextual (i.e., evidence that Plaintiff was "better qualified").

The Fifth Circuit has held that "a plaintiff may survive summary judgment and take he[r] case to the jury by providing evidence that [s]he was 'clearly better qualified' than the employee selected for the position at issue." Celestine v. Petroleos de Venezuela, S.A., 266 F.3d 343, 357-358 (5th Cir. 2001) (quoting Scott v. Univ. of Miss., 148 F.3d 493, 513 (5th Cir. 1998), overruled on other grounds, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000)). The Fifth Circuit has also stated that "the bar is set high for this kind of evidence because differences in qualifications are generally not probative of discrimination unless those disparities are 'of such weight and significance that no reasonable person . . . could have chosen the candidate selected over the plaintiff for the job in question.'" Id. at 357 (quoting Deines v. Texas Dept. of Prot. & Reg. Servs., 164 F.3d 277, 280-281 (5th Cir. 1999)).

Plaintiff has no evidence concerning Fred Guess's qualifications or any of the other

Associates selected for the program. Plaintiff's position rests solely on her subjective belief that her age and gender motivated Defendant. Little v. Republic Ref. Co., 924 F.2d 93, 96 (5th Cir. 1991). "[A] subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief." Id.

Plaintiff failed to present any evidence of pretext in order to cast doubt on Defendant's legitimate proffered reason for its decision not to promote her. Nor is there evidence to support an inference that the real reason for Defendant's decision was discriminatory animus. Accordingly, the Court concludes that Plaintiff has failed to produce evidence of race or gender discrimination sufficient to withstand Defendant's Motion for Summary Judgment.

2.  Equal Protection Claims

Plaintiff's Complaint alleges violations of the Fourth and Fifth Amendments of the United States and Mississippi Constitutions. Plaintiff labels this claim as "Equal Protection" in her Complaint. Plaintiff concedes that her "equal protection" claims are not appropriate as this case involves a private employer's practices. Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's equal protection claims.

IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Strike [50] is hereby denied, and Defendant's Motion for Summary Judgment [36] is granted as to all claims.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 10th day of August, 2009.

11

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**